UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| IN RE: SHAFTUGA S. TOOR | |
| EASTERN SAVINGS BANK, FSB, <br>     Appellant, | CIVIL ACTION NO. <br> 3:11-CV-1813 (JCH) |
| v. | |
| SHAFTUGA S. TOOR, <br>     Appellee. | JUNE 22, 2012 |

**RULING ON APPEAL**

Debtor-appellee, Shaftuga S. Toor, filed a Chapter 11 Petition in the United States Bankruptcy Court for the District of Connecticut after having two prior filings dismissed within the previous year. She named appellant Eastern Savings Bank ("ESB") as a creditor. ESB appeals from an Order of the Bankruptcy Court (Shiff, J.) granting Toor's Motion to Impose the Automatic Stay, contending that the Bankruptcy Court erred by imposing an automatic stay retroactively and by ruling that Toor had filed the instant Petition in good faith. For the reasons discussed below, the Order of the Bankruptcy Court is affirmed.

**I.   FACTUAL BACKGROUND**

In July 2007, appellee Shaftuga S. Toor and her husband, Muhammad J. Toor, executed a mortgage granting appellant ESB a security interest in the property at 8-10 Sunshine Avenue, Greenwich, Connecticut. ¶ 4.[1] The original principal of the

---

[1] Unless otherwise indicated, the citations herein are to paragraphs of the parties' statement of stipulated facts. See Stipulated Facts (Doc. No. 1-39).

promissory note secured by that mortgage was $1,360,000. ¶ 3. The loan has been in default since September 2008. ¶ 6.

Since 2009, Toor has filed for bankruptcy a total of four times. On December 23, 2009, she filed under Chapter 7, and was granted a discharge on April 22, 2010. ¶ 7. She filed under Chapter 13 on July 25, 2010, which case was dismissed without prejudice on October 25, 2010. ¶ 8; Order Dismissing Case, Appendix to Appellant's Br. at A4. On February 27, 2011, Toor filed under Chapter 11, which case was dismissed upon her motion on June 14, 2011. ¶ 9.

ESB commenced a foreclosure in the Superior Court for the Judicial District of Stamford. ¶12. On May 2, 2011, the Superior Court found that Toor's total debt to ESB was $1,835,789.26, and the fair market value of the property was $1,040,000. ¶ 12. The Superior Court also set the last law day for July 12, 2011. ¶ 12.

On July 8, 2011, Toor filed the instant Chapter 11 Petition. ¶ 1. On July 10, she filed a Motion to Impose an Automatic Stay. ¶ 14. The Bankruptcy Court held a hearing on Toor's Motion on July 26, 2011, and determined that an evidentiary hearing would be necessary to establish whether clear and convincing evidence showed that Toor's fourth bankruptcy had been filed in good faith. See Tr. Hr'g held July 26, 2011 (Doc. No. 1-35) at 14-15. The Bankruptcy Court imposed a stay until the evidentiary hearing could be held. See Tr. Hr'g held July 26, 2011 at 17.

An evidentiary hearing was held on Toor's Motion on October 5, 2011. See Tr. Hr'g held Oct. 5 Hearing (Doc. No. 1-35). Mr. Toor, the debtor-appellee's husband, was the only witness to testify. Id. He testified that his son, who lives at the house at 8 Sunshine Avenue, had become a doctor of internal medicine and earns about $250,000

per year. Id. at 48, 51.  He also testified that the unimproved lot at 10 Sunshine Avenue had last been assessed at around $400,000.  Id. at 50.  After hearing testimony, the Bankruptcy Court concluded that Toor had "sustained the burden of showing by clear and convincing evidence that there is enough money to . . . get a plan confirmed," and therefore that the current case had been filed in good faith. Id. at 74-75.  Based on that finding, the Bankruptcy Court was "satisfied . . . that the debtor should be given the opportunity . . . to take advantage of the automatic stay" pursuant to section 362(c)(4) of Title 11 of the United States Code, and ordered an automatic stay.  Id. at 76.

After the Bankruptcy Court ruled, it had the following exchange with counsel for ESB:

> [ESB]: And just so I can be clear, Your Honor. When does the stay go in place? Is it the date of the filing or—
>
> THE COURT: . . . The stay did not go into effect by the clear language of the statute. [It d]id not go into effect upon the filing of the petition, but it can be reinstated.
>      The state law is not going to produce the answer to this question. The federal law is . . . I think that the stay is temporarily in place until there can be a determination. Otherwise, the statute would be defeated.
>      And a person who can show after a notice and a hearing, which the debtor is entitled to, can find out that although there's a notice and a hearing, it's too late and the state court has taken action, I'm not going to read it that way, and I won't allow that.
>      So I believe that as of July 26th, 2011, there is a temporary stay in place under 105(a), and the debtor should be given the opportunity that is provided under 362(c)(4), otherwise action in the state court could nullify this act of Congress, and that is not going to happen.
>
> [ESB]: I understand, Your Honor. The issue in this case, however, is that the law day passed. I understand Your Honor is saying July 26th, but the law day actually passed two weeks before that on July 12th. . . .
>
> THE COURT: Okay. This case was filed on July 8th, 2011. The running of that law day can't defeat the intent of Congress to give somebody an opportunity, albeit a difficult opportunity, to demonstrate by clear and

3

> convincing evidence, which this debtor did, to get the benefits of bankruptcy.
> The running of that law day can't defeat that opportunity, because Congress has provided it. And that . . . result would run in the face of this congressional intent to give an opportunity to a debtor to show by clear and convincing evidence that it is entitled to the benefits of bankruptcy.
> So my ruling, in response to your question, is that under 105(a), which is a section built by Congress into the code so that the effect can be given to the provisions of the code, the running of the law day cannot, under the state system, cannot defeat the opportunity provided to a debtor under the Bankruptcy Code. . . .
> So [362](d), which relates to (b), and (b) is what we were focusing on, by the agreement of counsel, and (b) relates to whether or not a party, such as the debtor, can show by clear and convincing evidence that . . . under (b), within 30 days, if the debtor or a party requests and the Court may order 362(a) to apply after notice of hearing, only if the debtor demonstrates that the second case was filed in good faith and there's a presumption against the debtor. . . .
> I have made findings. Those findings the bank clearly disagrees with, but that is not -- I've done as much as I'm obligated to do. I believe that the debtor has satisfied, with the requisite burden of proof, that the automatic stay should be in place, and I believe that the timing of what is going on is the state court shouldn't interfere with that, and that's why 105 is in place by Congress to give meaning to the rest of the statute. That is my ruling and that is so ordered.

Id. at 77-80.  On October 17, the Bankruptcy Court entered a written Order Imposing Automatic Stay Against All Creditors.  See Order Imposing Automatic Stay (Doc. No. 1-16).  After a brief review of the procedural history of the issue, the Order states: "[T]he Court finds, by clear and convincing evidence, that the Debtor has filed this case in good faith.  IT IS THEREFORE ORDERED that the Debtor's Motion To Impose Automatic Stay filed on July 10, 2011 is hereby GRANTED and the automatic stay is hereby extended as to all creditors pursuant to 11 U.S.C. §362(c)(3)(B)." Id.  The Order is dated October 17, 2011.

This appeal followed.  On appeal, ESB contends that the Bankruptcy Court erred by imposing a stay retroactively, to be effective on a date prior to the written Order on

4

October 17, and that the Bankruptcy Court erred in finding that Toor's instant bankruptcy Petition was filed in good faith. See Statement of Issues on Appeal (Doc. No. 6).

## II.    STANDARD OF REVIEW

This court has jurisdiction to review final judgments, orders, and decrees of the bankruptcy court under 28 U.S.C. § 158(a)(1). On appeal, a district court will review de novo a bankruptcy court's conclusions of law, including its determination of the legal standards applicable. Fed. R. Bankr.P. 8013; In re Refco Inc., 505 F.3d 109, 116 (2d Cir. 2007); In re Northeastern Contracting Co., 233 B.R. 15, 18 (D. Conn. 1999). Mixed questions of law and fact are also subject to de novo review. Travellers Intern., A.G. v. Trans World Airlines, Inc., 413 F.3d 1570, 1575 (2d Cir. 1994).

Findings of fact are reviewed for clear error. In re Stoltz, 315 F.3d 80, 87 (2d Cir. 2002). A finding is clearly erroneous when the reviewing court is left with the definite and firm conviction that a mistake has been made. In re Ames Dept. Stores, Inc., 582 F.3d 422, 426 (2d Cir. 2009) (citing United States v. Gypsum Co., 333 U.S. 364, 395 (1948)).

## III.    DISCUSSION

### A.    Issues on Appeal

The issues on appeal as stated by ESB are:

1.    Did the Bankruptcy Court Err in finding that the Debtor met her burden of proving by clear and convincing evidence that her third bankruptcy filing, coming after two of her prior bankruptcies were dismissed within the prior twelve months, was filed in good faith?

2.    If the District Court determines the answer to the first issue is in the negative, did the Bankruptcy Court err in imposing the automatic stay

5

retroactive to a date prior to the filing of the Order in violation of 11 U.S.C. [§] 362(c)(4)(C)?

Statement of Issues on Appeal (Doc. No. 6).[2]

    B.    <u>The Bankruptcy Court's Imposition of the Automatic Stay</u>

        1.    When Did the Stay Take Effect?

ESB argues that the Bankruptcy Court committed reversible error by imposing an automatic stay on October 17, 2011, retroactive to July 8, 2011. <u>See</u> Appellant's Br. (Doc. No. 9) at 4-5. Toor contends that the effective date of the Order imposing an automatic stay does not affect the substantial rights of the parties, and that therefore any error by the Bankruptcy Court as to the effective date of the stay is harmless error. <u>See</u> Appellee's Br. (Doc. No. 13) at 5–9.

As a preliminary matter, this court notes that, at the hearing held July 26, the Bankruptcy Court purported to order the imposition of the automatic stay, to be effective until a full evidentiary hearing could be held. See Tr. Hr'g Held July 26 (Doc. No. 1-35) at 17. There is nothing in the record to indicate that a written order to that effect was ever entered on the docket. Bankruptcy Rule 5003(a) provides:

> The clerk shall keep a docket in each case under the Code and shall enter thereon each judgment, order, and activity in that case as prescribed by the Director of the Administrative Office of the United States Courts. The entry of a judgment or order in a docket shall show the date the entry is made.

---

[2] In her briefs, Toor argues various other issues, including the possible tolling of her law day in state court by section 108(b) of Title 11 of the United States Code, <u>see, e.g.</u>, Appellee's Br. at 6-7, and the resetting of her law day in state court by section 49-15(b) of Connecticut General Statutes, <u>see, e.g.</u>, Appellee's Br. at 8-9. These issues are challenging, but they are not at issue in this appeal, nor is there sufficient information in the record for this court to attempt to resolve these issues on this appeal, were it so inclined. <u>See, e.g.</u>, <u>Official Comm. Of Unsecured Creditors of Color Tile, Inc. v. Coopers & Lybrand, LLP</u>, 322 F.3d 147, 159 (2d Cir. 2003) (noting that appellate courts generally do not consider arguments not raised below, especially when such issues require further factfinding); <u>see also</u> <u>infra</u> Part B.2 (discussing section 49-15(b) of Connecticut General Statutes).

Fed. R. Bankr.P. 5003(a).  Rule 9021 provides: "[a] judgment or order is effective when entered under Rule 5003."  Fed. R. Bankr.P. 9021.  Thus, although the court purported to impose the automatic stay on July 26, no such order became effective prior to the hearing on October 5.  See In re Barbieri, 199 F.3d 616, 622 (2d Cir. 1999) (noting that a conversion was not yet effective where it had not yet been entered on the docket pursuant to Rule 5003).

At the hearing held on October 5, the Bankruptcy Court found that the Petition had been filed in good faith and ordered a stay imposed pursuant section 362(c)(4).  See Tr. Hr'g Held Oct. 5 at 76.  Responding to an inquiry from counsel for ESB, the Bankruptcy Court first that a temporary stay had been in place since July 26, 2011, and, after counsel for ESB noted that the law day in the state court bankruptcy action had passed on July 12, 2011, the Bankruptcy Court responded that the law day could not defeat the opportunity provided by Congress in the Bankruptcy Code, implying that the imposition of the stay defeated the running of the law day.  See id. at 78-79.  On October 17, 2011, the Bankruptcy Court entered an Order imposing the automatic stay against all creditors.  See Order Imposing Stay (Doc. No. 1-16).  The Order is dated October 17, 2011, and reads in full:

> The Debtor filed this case on July 8, 2011 with the intention of saving her home, located at 8 Sunshine Ave. in Riverside Connecticut, which is currently in foreclosure in Connecticut Superior Court. Debtor filed a Motion to Impose Automatic Stay on July 10, 2011. The Court scheduled a hearing for July 26, 2011. At the July 26th hearing it was deemed that an evidentiary hearing should be held to address the matter of imposing the automatic stay.
> After notice and a hearing, held on October 5, 2011, regarding the Debtor's Motion To Impose Automatic Stay (Doc. I.D. 6) the Court finds, by clear and convincing evidence, that the Debtor has filed this case in good faith.

7

>    **IT IS THEREFORE ORDERED** that the Debtor's Motion To Impose Automatic Stay filed on July 10, 2011 is hereby **GRANTED** and the automatic stay is hereby extended as to all creditors pursuant to 11 U.S.C. §362(c)(3)(B).[3]

Id. Toor's Motion to Impose Automatic Stay does not request that the stay be imposed as of any specific date. See Mot. to Impose Automatic Stay (Doc. No. 1-3). Given the Rules' insistence on docketed orders, any language from the bench suggesting that a stay would be imposed retroactively is unavailing to create an inference that a retroactive stay was imposed in light of the text of the written Order. Therefore, this court finds that the Bankruptcy Court imposed the stay on the date of the entry of the Order on the docket—October 17, 2011—as authorized by 11 U.S.C. § 362(c)(4)(C) and Fed. R. Bankr.P. 5003(a) and 9021. Because it does not appear from the record that the Bankruptcy Court imposed a retroactive stay by its October 17 Order, this court need not decide whether such an order would be valid.

    2.   Toor's Law Day and Conn. Gen. Stat. § 49-15(b)

Toor argues that the Bankruptcy Court's stay, retroactive or otherwise, worked no effect upon the running of her law days because Connecticut mortgage law had "automatically reopened" the Superior Court's judgment of foreclosure when she filed the instant Petition on July 8, 2011, requiring ESB to reestablish her law day by motion to the Superior Court. See Appellee's Br. at 6-8. Connecticut law provides that, upon filing of a bankruptcy petition:

> [A]ny judgment against the mortgagor foreclosing the title to real estate by strict foreclosure shall be opened automatically without action by any party

---

[3] The court notes that section 362(c)(3)(B) applies to debtors with a single case dismissed within the preceding year. 11 U.S.C. § 362(c)(3)(B). Section 362(c)(4) is applicable to Toor, as it applies to debtors with two or more cases dismissed with the previous year. The Bankruptcy Court referred to the proper section during the hearing on October 5. See Tr. Hr'g Held Oct. 5 at 73.

>or the court, provided, the provisions of such judgment, other than the establishment of law days, shall not be set aside under this subsection, provided no such judgment shall be opened after the title has become absolute in any encumbrancer or the mortgagee, or any person claiming under such encumbrancer or mortgagee. The mortgagor shall file a copy of the bankruptcy petition, or an affidavit setting forth the date the bankruptcy petition was filed, with the clerk of the court in which the foreclosure matter is pending. Upon the termination of the automatic stay authorized pursuant to 11 USC 362, the mortgagor shall file with such clerk an affidavit setting forth the date the stay was terminated.

Conn. Gen. Stat. § 49-15(b). ESB responds that Toor may not raise this argument for the first time on appeal, see Appellant's Reply Br. (Doc. No. 14) at 1-5, and that the Connecticut statute at issue is preempted by federal bankruptcy law, see Appellant's Reply Br. at 5-9.

The question—of whether the law day had, in fact, passed and Toor had lost her equity of redemption—was raised at the July 26 hearing. See Tr. Hr'g Held July 26 at 7. At that hearing, ESB claimed that it had title to the property as of the passage of the law day on July 12, and Toor responded that she had filed a motion with the Superior Court to stay the running of the law day based on her Chapter 11 filing and her pending Motion to Impose Automatic Stay in the Bankruptcy Court. Id. Although Toor claimed that title remained with her, apparently the Superior Court had not yet acted on Toor's Motion to Stay the law day as of July 26. See id. at 8, 13. Announcing its decision to hold an evidentiary hearing, the Bankruptcy Court asked the parties to determine whether title had passed. See id. at 14, 15.

On October 5, although ESB brought up—two times—its assertion that Toor's July 12 law day had passed, see Tr. Hr'g Held Oct. 5 at 17, 78, neither party made any representation to the Bankruptcy Court as to whether the Superior Court had made any ruling on Toor's Motion to Stay the law day, nor did the Bankruptcy Court inquire.

Further, the Bankruptcy Court was not asked to, and did not rule on, the effect of section 49-15(b) on the parties' state court action, or on who held title to the property, nor is there evidence to support such a determination in the record on this appeal. Therefore, insofar as the parties seem to invite this court to consider the effect of section 49-15(b) upon the action in state court, see Appellee's Br. at 6-8; Appellant's Reply Br. at 1-5, this court declines to do so.  The court further rejects the parties' suggestion that section 49-15(b) is relevant to this court's review of the Bankruptcy Court's imposition of an allegedly retroactive stay or to the Bankruptcy Court's determination that Toor's instant Petition was filed in good faith.[4]

B.   Bankruptcy Court's Determination of Good Faith

The second issue ESB raises on appeal is whether the Bankruptcy Court erred in ruling that Toor met her burden of proving by clear and convincing evidence that she filed her fourth bankruptcy Petition in good faith,[5] as is required to justify the imposition of a stay pursuant to section 362(c)(4)(B) of Title 11 of the United States Code.[6]  See Appellant's Br. at 2; 11 U.S.C. § 362(c)(4)(B).  ESB argues that this court should review

---

[4] Toor also argues that her Law Day was tolled by section 108(b) of Title 11 of the United States Code ("section 108(b)"). See Appellee's Br. at 8-9.  The Bankruptcy Court did not consider the question of the operation of section 108(b) upon the running of Toor's law day, and indeed did not hear evidence as to whether the law day had passed or had been tolled.  Therefore, this court has no occasion to decide the operation of section 108(b) upon this case at this time.

[5] The parties stipulate that Toor had two bankruptcy filings dismissed within the year prior to the filing of her instant case.  Stipulated Facts ¶ 11.  Thus, her instant case was presumptively filed not in good faith.  See 11 U.S.C. § 362(c)(4)(D)(i)(I).  That presumption "may be rebutted by clear and convincing evidence to the contrary."  11 U.S.C. § 362(c)(4)(D).

[6] Section 362(c)(4)(A) of Title 11 of the United States Code reads, in relevant part, "if 2 or more single or joint cases of the debtor were pending within the previous year but were dismissed . . . the [automatic] stay under subsection (a) shall not go into effect upon the filing of the later case." Section 362(c)(4)(B) reads, in its entirety: "[I]f, within 30 days after the filing of the later case, a party in interest requests the court may order the stay to take effect in the case as to any or all creditors (subject to such conditions or limitations as the court may impose), after notice and a hearing, only if the party in interest demonstrates that the filing of the later case is in good faith as to the creditors to be stayed."

10

de novo the bankruptcy court's determination that "the evidence submitted by [Toor] was sufficient to rebut the presumption of bad faith by clear and convincing evidence" because that determination "presents a mixed question of fact and law," or constitutes the "application of law to fact."  Appellant's Br. at 19; Appellant's Reply Br. at 16.  Toor contends that the Bankruptcy Court's finding of good faith is purely factual, and therefore reviewable for clear error.  See Appellee's Br. at 10.

The Second Circuit has treated bankruptcy courts' findings of bad faith based on serial bankruptcy filings as finding of fact reviewable for clear error.  In re Casse, 198, F.3d 327, 341 (2d Cir. 1999); see also In re Fishwick, No. 05-55020 (CGM), 2005 WL 3782588, at *3 (Bankr. S.D.N.Y. Nov. 22, 2005) (noting that requests to extend the stay under section 362(c)(3)(C)(i)(III) are necessarily fact-specific inquiries).  The Second Circuit has also applied the clear error standard to a finding that a Chapter 11 petition was filed in good faith.  In re Koelbl, 751 F.2d 137, 139 (2d Cir. 1984).  Thus, this court reviews the Bankruptcy Court's finding of good faith for clear error.

This court first notes that the Bankruptcy Court applied the proper legal standard to its determination of good faith: a showing of clear and convincing evidence.  See, e.g., Tr. Hr'g Held Oct. 5 at 8 ("the Court may order the stay to take effect . . . only if the . . . debtor[] demonstrates that the filing of a latter case is in good faith . . . by clear and convincing evidence"); Id. at 13 ("[Toor must] show by clear and convincing evidence that [she] could satisfy the obligations of [her] debt"); Id. at 16 ("if [Toor] could show by clear and convincing evidence that [she could get a plan approved, she] should have an opportunity to file the plan"); Id. at 45 ("the only issue before me . . . [is] the burden, and it's a heavy burden, of [Toor] to show that a plan is feasible by clear and convincing

evidence"); Id. at 73 ("[t]he heavy burden is upon the debtor . . . to [rebut the presumption of bad faith] by clear and convincing evidence").

Courts dispute the appropriate substantive considerations for a showing of good faith under section 362(c)(4)(B). See In re Ferguson, 376 B.R. 109, 119-20 (Bankr. E.D. Pa. 2007) ("[t]he appropriate methodology for determining good faith under § 362(c)(3) and § 362(c)(4) has been the subject of debate in the courts and there is some division of authority on the issue"); see also In re Whitaker, 341 B.R. 336, 345 (Bankr. S.D. Ga. 2006) (using the statutory indicators found in sections 362(c)(3)(C) and 362(c)(4)(D) as the determinants of good faith); In re Sarafoglou, 345 B.R. 19, 24 (Bankr. D. Mass. 2006) (construing good faith under section 362(c)(4) "to require that the Debtor demonstrate that she filed the Current Case to obtain legitimate bankruptcy law protection and relief, that she has sufficient resources to render her pursuit thereof meaningful, and that she is pursuing such protection and relief honestly"); In re Montoya, 333 B.R. 449, 457 (Bankr. D. Utah 2005) (interpreting "the substance of what it means to file a case in good faith" by "draw[ing] on prior cases interpreting the phrase 'good faith' because Congress was presumptively aware of such case law when it [enacted this provision]").  In the context of confirming a plan filed under Chapter 11, the Second Circuit has held that "the good faith standard in the bankruptcy context . . . require[es] a showing that the plan was proposed with honesty and good intentions and with a basis for expecting that a reorganization can be effective." In re Koelbl, 751 F.2d 137, 139 (2d Cir. 1984).

In this case, the Bankruptcy Court based its determination of good faith on Toor's evidence that she could propose a confirmable plan, sufficient to satisfy her obligations

12

to ESB.  See Tr. Hr'g Held Oct. 5 at 13; 16; 45.  Toor offered testimony that 8-10 Sunshine Avenue consists of two separate properties: one a primary residence, and the other an unimproved lot assessed at around $400,000.  Id. at 22-24; 36-37; 50.  Mr. Toor testified that he had always planned to build on the unimproved lot, and sell that building to repay ESB, but had been unable to do so.  Id. at 28.  The Bankruptcy Court observed that the loan secured by property that was not the Toor's primary residence was potentially modifiable, while the loan secured by the Toor's primary residence could not be modified in bankruptcy.  See id. at 42-44.

Mr. Toor's testified regarding his household's monthly income, and his son's role in that income.  Mr. Toor testified that this son, who lives at 8 Sunshine Avenue, is a medical doctor and earns approximately $250,000 per year or $20,000 per month.  Id. at 48, 51.  The court excluded as hearsay Mr. Toor's testimony that his son had committed to contributing to household expenses, and the amount of that contribution, see id. at 51, 52, but allowed over ESB's objection Mr. Toor's testimony that the total combined income of members of his household was about $20,000 per month, see id. at 54, 55 ("The head of the household has firsthand information of what money comes into the household each month.").  Mr. Toor further testified that the bank appraised the property at $1,040,000, and that he thought that between $4,000 and $6,000 could be paid toward the mortgage monthly.

Having heard the testimony of Mr. Toor, the Bankruptcy Court credited his assertion that the household had an income of about $20,000 a month.  Id. at 75.  The Bankruptcy Court further noted that there had been "[n]o suggestion that that wouldn't be enough.  No suggestion was made that that would not continue."  Id.  Based on all of

the evidence discussed above, the Bankruptcy Court concluded that Toor had "sustained the burden of showing by clear and convincing evidence that there is enough money to approve or to get a plan confirmed. It doesn't have to be beyond a reasonable doubt . . . . I heard nothing that disputed the case put on by [Toor] that there was enough family income to file and have a shot at confirming a plan." Id. at 74-75. This finding of clear and convincing evidence of good faith is supported by the record and is not clearly erroneous.

## IV.  CONCLUSION

The Order of the Bankruptcy Court is hereby **AFFIRMED**. The Clerk is directed to close this case.

**SO ORDERED.**

Dated at Bridgeport, Connecticut, this 22nd day of June, 2012.

                    /s/ Janet C. Hall
Janet C. Hall
United States District Judge